UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM FREDERICK JENSEN,

                Plaintiff,

    v.

STATE OF WASHINTON, et al.,

                Defendants.

Case No. 2:16-cv-1963-MJP-BAT

**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

On March 14, 2018, three weeks after Defendants filed their motion for summary judgment, Plaintiff William Jensen filed a motion for leave to file a second amended complaint. Dkt. 64. Defendants oppose the proposed amendment. Dkt. 69.

The Court denies the amendment because of undue delay, prejudice to Defendants, and because the proposed amendment would be futile.

## PROCEDURAL BACKGROUND

Mr. Jensen, acting *pro se*, filed his original Complaint on December 22, 2016. Dkt. 1 and 2. The complaint was docketed on January 13, 2017, after the Court denied Mr. Jensen's application to proceed *in forma pauperis* (IFP) and he paid the filing fee. Dkt. 18. Following screening, the Court declined to serve the complaint due to numerous deficiencies but because Mr. Jensen was proceeding *pro se*, it granted him leave to file an amended complaint. Dkt. 21. After obtaining counsel, Mr. Jensen filed his Amended Complaint on May 31, 2017. Dkt. 32.

The Court issued a Pretrial Scheduling Order setting the discovery deadline for November 23, 2017. Dkt. 44. The discovery deadline was extended to January 13, 2018. Dkt. 50. On February 22, 2018, Defendants filed a motion for summary judgment and noted it for March 16, 2018. Dkt. 53. While that motion was pending, Mr. Jensen filed this motion on March 14, 2018. Dkt. 65. In his proposed second amended complaint, Mr. Jensen seeks to add four Washington Department of Corrections Officers (Rachel McCoard-Rand, Richard Morgan, Ronald Knight and John Avery). All of these officers were named in his original Complaint (Dkt. 18) but omitted from his Amended Complaint (Dkt. 32). All of the factual allegations asserted against these defendants is for conduct that allegedly occurred in 2010 and 2011. Dkt. 65-1, ¶¶ 19-20, ¶¶ 24-25.

## DISCUSSION

Whether the Court allows the amendment depends on "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989). Here, there is undue delay, prejudice to defendants, and futility of the proposed amendment.

Mr. Jensen waited over two months after the close of discovery and three weeks after Defendants filed their motion for summary judgment to file his motion to amend. In addition to filing his motion to amend, he has requested that the Court postpone the motion for summary judgment or deny it without prejudice so that he can amend his complaint. Dkt. 62 at 4. The timing of his motion weighs heavily against allowing leave to amend. *See Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 443 (9th Cir. 1991). "A motion for leave to amend is not a vehicle to circumvent summary judgment." *Id*.; *see also*, *Roberts v. Ariz. Bd. of*

ORDER DENYING MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT - 2

*Regents*, 661 F.2d 796, 798 (9th Cir. 1981)(prejudice may be found where additional claims are "raised at the eleventh hour, after discovery [is] virtually complete and the [defendant's] motion for summary judgment [is] pending before the court."); *Forty-Niner Sierra Resources, Inc. v. Subaru of America, Inc.*, 416 F. Supp.2d 861, 871 (E.D. Cal. 2004) ("... a movant may not amend the pleadings to escape summary judgment.").

Additionally, the parties Mr. Jensen proposes to add and his claims against them were known to him since the beginning of this action as they were included in his original Complaint. Dkt. 1 and 2. Mr. Jensen then made a conscious decision to drop them from his Amended Complaint. He cites to no new information provided in discovery, or otherwise, establishing a new basis for a cause of action against the proposed defendants.

Moreover, the addition of these defendants based on the proposed allegations would be futile as the undersigned has, in a separate Report and Recommendation, recommended dismissal of all of Mr. Jensen's claims based on events occurring prior to December 22, 2013. The only allegations not subject to dismissal under the applicable statute of limitations are those related to the handling of Mr. Jensen's legal mail, which allegations do not involve the proposed additional defendants.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to file a Second Amended Complaint (Dkt. 64) is **DENIED.** The Clerk shall send a copy of this Order to the parties.

DATED this 24th day of April, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT - 3