1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10      WILLIAM FREDERICK JENSEN,              CASE NO. C16-1963-MJP

11                          Plaintiff,          ORDER ADOPTING REPORT AND
                                                RECOMMENDATION;
12             v.                               DISMISSING CASE WITH
                                                PREJUDICE
13      STATE OF WASHINGTON, et al.,

14                          Defendants.

15

16             THIS MATTER comes before the Court on Plaintiff's Objections (Dkt. No. 77) to the

17     Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate

18     Judge.  (Dkt. No. 75.)  Having reviewed the Report and Recommendation, the Objections, the

19     Response (Dkt. No. 78), and all related papers, the Court ADOPTS the Report and

20     Recommendation and DISMISSES the matter with prejudice.

21                                        **Background**

22             The relevant facts and procedural background are set forth in detail in the Report and

23     Recommendation.  (Dkt. No. 75.)  Plaintiff objects to the Report and Recommendation's finding

24

1  that his claims are barred by the applicable statutes of limitations, which he contends were tolled

2  while he exhausted his administrative remedies.  (Dkt. No. 77 at 1-2.)

3  **Discussion**

4  **I.    Legal Standard**

5  Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the

6  Magistrate Judge's Report and Recommendation that has been properly objected to and may

7  accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28

8  U.S.C. § 636(b)(1).

9  **II.    Statute of Limitations**

10  Each of Plaintiff's claims is subject to a three-year statute of limitations.  <u>See</u> RCW

11  4.16.080; <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1058 (9th Cir. 2002); <u>Knight v.</u>

12  <u>Washington State Dept. of Corrections</u>, 147 F. Supp. 3d 1165, 1169-70 (W.D. Wash. 2015);

13  <u>Antonius v. King Cnty.</u>, 153 Wn.2d 256, 261-62 (2004).  "[T]he limitations period accrues when

14  a party knows or has reason to know of the injury which is the basis of the cause of action."

15  <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir. 1996) (citation omitted).  While the statute of

16  limitations is tolled "during the time period in which an inmate is *actively exhausting* his

17  administrative remedies," an inmate is "not entitled to tolling during the time he abandoned the

18  process."  <u>Soto v. Sweetman</u>, 882 F.3d 865, 875 (9th Cir. 2018) (emphasis in original).   Here,

19  Plaintiff filed his original Complaint on December 22, 2016.  (<u>See</u> Dkt. Nos. 1, 2.)  Therefore,

20  any claims arising before December 22, 2013 are barred by the statutes of limitations unless

21  Plaintiff can show that he was actively exhausting his administrative remedies as of this date.

22  Plaintiff alleges that, in response to allegations that he was soliciting other inmates for

23  sex, he was placed in administrative segregation beginning on January 19, 2011 and was not

24

1 | released until March 5, 2012.  (Dkt. No. 63 at ¶¶ 28, 54.)  During this time, his administrative

2 | segregation status was reviewed and he was recommended for a six-month intensive

3 | management program and placed on Intensive Management Status ("IMS") until February 15,

4 | 2012.  (Id. at ¶¶ 23, 29-46.)  Thus, the Court considers whether Plaintiff exhausted his

5 | administrative remedies with regard to his administrative segregation placement and his IMS

6 | placement claims in turn:

7 | **A.  Administrative Segregation Placement**

8 | After he was placed in administrative segregation, Plaintiff alleges he sent multiple

9 | communications to various prison officials requesting review of his placement.  (Id. at ¶¶ 29-53.)

10 | On August 9, 2011, Plaintiff received a letter from John Campbell, DOC Correctional Specialist,

11 | explaining that his appeals had been denied.  (See Dkt. No. 68, Ex. 11 ("The allegations you

12 | make . . . are not substantiated.  You allege a widespread conspiracy requiring collusion between

13 | staff and offenders and after review this is found not to be the case.").)  Therefore, the Court

14 | finds that Plaintiff's administrative segregation claim was tolled until August 9, 2011.

15 | **B.  IMS Placement**

16 | After he was released from administrative segregation on March 5, 2012, Plaintiff waited

17 | until October 28, 2014 to appeal his "placement, assignment and retention in [administrative

18 | segregation] on IMS between January 19, [2011] to March 5, 2012 and August 16, 2010 to

19 | September 22, 2010."  (Dkt. No. 63 at ¶ 57, Ex. Z.)  On December 9, 2014, DOC Classification

20 | and Case Management Administrator Liza Rohrer denied Plaintiff's appeal, and explained that

21 | he could have appealed between October 17, 2011 (the date on which the applicable appeals

22 | policy for IMS classification was established) and June 14, 2012 (the date on which the revised

23 |

24 |

1 policy was established). (See Dkt. No. 68, ¶ 24, Ex. 10.) Therefore, the Court finds that

2 Plaintiff's IMS placement claim was tolled until June 14, 2012.

3 While Plaintiff, in his Objections to the Report and Recommendation, claims that "the

4 DOC's policies were vague and nebulous and in some instances nonexistent" and that "certain

5 defendants deliberately concealed and obfuscated the appeal and review process to deny [him]

6 due process of law and to prevent his legitimate claims from receiving judicial review" (Dkt. No.

7 77 at 2), Plaintiff does not identify any non-conclusory or non-speculative facts to support this

8 contention, nor does he explain why he waited more than three years to file his Complaint.

9 **Conclusion**

10 The Court concludes that, notwithstanding tolling, Plaintiff did not bring his claims until

11 well beyond the expiration of the applicable statutes of limitations, and ORDERS as follows:

12 (1) The Report and Recommendation is ADOPTED;

13 (2) The case is DISMISSED WITH PREJUDICE;

14 (3) The Clerk of Court is directed to send copies of this Order to Judge Tsuchida and all

15 counsel.

16 Dated June 18, 2018.

17

18 Marsha J. Pechman
   United States District Judge

19

20

21

22

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE WITH PREJUDICE - 4